1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8        SOUTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>RICARDO HERNANDEZ, individually and doing business as La Sinaloense Restaurant,<br><br>                                    Defendant. | Case No.:  3:22-cv-00398-JAH-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [ECF NO. 19];**<br><br>**(2) DENYING THE JOINT MOTION TO CONTINUE THE STATUS CONFERENCE SET FOR JUNE 2, 2023 [ECF NO. 28]; AND**<br><br>**(3) VACATING THE STATUS CONFERENCE SET FOR JUNE 2, 2023 [ECF NO. 27]** |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**INTRODUCTION**

Pending before the Court is Plaintiff G & G Closed Circuit Events, LLC's ("Plaintiff") motion to enforce settlement agreement ("Motion"). (ECF No. 19). Plaintiff seeks entry of judgment against Defendant Ricardo Hernandez, individually and doing business as La Sinaloense Restaurant ("Defendant" or "Mr. Hernandez") in the amount agreed to by the parties, plus attorneys' fees and costs for bringing the Motion. (*Id.*) Alternatively, Plaintiff requests an evidentiary hearing to ascertain the intent of the parties. (ECF No. 26 at 10).

Also pending before the Court is a joint motion to continue the status conference set for June 2, 2023 ("Joint Motion"). (ECF No. 28). After a thorough review of the record, and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion, **DENIES** the Joint Motion, and **VACATES** the status conference set for June 2, 2023.

**BACKGROUND**

**I.      Plaintiff's Complaint**

This is a commercial piracy case arising out of the alleged unauthorized exhibition of Plaintiff's television program (a boxing event) at the La Sinaloense Restaurant in Chula Vista, California. (ECF No. 1). On March 25, 2022, Plaintiff filed a complaint alleging four causes of action for unauthorized reception of cable service pursuant to 47 U.S.C. § 553, unauthorized publication of use of communications under 47 U.S.C. § 605, conversion, and violation of California Business and Professions Code § 17200 *et seq*. (*Id.*)

Plaintiff's complaint names Ricardo Hernandez, individually and doing business as La Sinaloense Restaurant as the sole defendant, because Mr. Hernandez was identified as the licensee by the California Department of Alcoholic Beverage Control. (*Id.* at 3-4).[1] On July 22, 2022, Defendant filed an answer to the complaint. (ECF No. 6).

/ / /

---

[1] The actual owner of the restaurant is Arturo Cortez ("Mr. Cortez"), who is not a party to the lawsuit. (See ECF Nos. 1, 25 at 2).

## II.     The Early Neutral Evaluation Settlement Conference

On October 12, 2022, Plaintiff, Defendant, Mr. Cortez, and Nicolas Gagliardi (Plaintiff's President) participated in an Early Neutral Evaluation Settlement Conference ("ENE") before a United States Magistrate Judge.  (ECF No. 12).  All were represented by counsel.[2]

At the ENE, the parties accepted the Magistrate Judge's proposal for a settlement, and the necessary terms were placed on the record.  (*Id.*)  Because one of the terms of the settlement involves confidentiality, the Court ordered that the transcript be sealed.  (ECF Nos. 24, 25-2 at 2-3[3]).

The Magistrate Judge stated the necessary terms of the settlement on the record and then asked each side to confirm that the Court correctly stated the necessary terms.  (ECF No. 25-2 at 3).  The stated terms are as follows:

> First, the settlement involves confidentiality.  Also, each side would bear their own attorneys' fees and costs.  The settlement is a contingent settlement.  It is contingent on full payment of $22,000.  And that would be broken up into three payments:  The first payment of $8,000 is due November 12th, 2022.  The second payment, which would be for $7,000, is due by December 12th, 2022.  And then the final payment, which would be for $7,000, is due by January 12th, 2023.  That is a total amount of $22,000 that the Defense has agreed to pay to Plaintiff.  There would also be a joint motion to dismiss filed by the parties, or a stipulation to dismiss, without prejudice.  That designation, "without prejudice," would be converted to "with prejudice" on January 17th, 2023, unless [there is] a motion to reopen filed before then.  Also, it would involve a mutual release, or 1542 waiver, which would apply to all defendants.  It would also apply to Mr. Arturo Corte[z], who is not a named defendant.  And it would apply to all of Mr. Hernandez's locations.

(ECF No. 25-2 at 3-4).  Following the Court's statement of these terms on the record, the Court asked Plaintiff's counsel, Thomas Riley, and counsel for Defendant and Mr. Cortez,

---

[2]  Defendant and Mr. Cortez were represented by the same counsel.

[3]  Defendant has since attached an unsealed transcript of the ENE proceedings in his opposition to Plaintiff's Motion.  (*See* ECF No. 25-2).

Matthew Pare, whether all of the necessary terms were correctly stated. (*Id.* at 4). In response, Mr. Riley said, "Yes," and Mr. Pare said, "Yes, as long as we get the general release of any and all claims against both individuals here [Defendant and Mr. Cortez]." (*Id.*)

The Court then asked Defendant, "Do you agree to all these necessary terms as well, sir?" (*Id.*) Defendant responded, "That I'm not involved in none of this; right?" (*Id.*) In response, the Court stated, "I mean, you have to agree because you're the defendant. You're the defendant in the action . . . I mean, you don't have to agree. I guess I should say it's up to you whether you agree or not." (*Id.* at 4-5). Then, Defendant said, "I mean, I have to agree for this to get going for." (*Id.* at 5). The Court interrupted, "Yeah. For the settlement to be valid, you would have to agree, that's correct. (*Id.*) Defendant responded, "Yes. But I take no guilt." (*Id.*) The Court then stated, "Yes, there is no admission of liability in this settlement. Okay. But do we have – are all of those necessary terms correct, sir?" (*Id.*) Defendant responded, "Yes." (*Id.*)

The Court then asked Mr. Cortez, "[D]o you also agree, sir?" (*Id.*) Mr. Cortez responded, "I agree a hundred percent, your Honor." (*Id.*)

Finally, the Court asked Plaintiff's President, Mr. Gagliardi, whether he also agrees, to which he responded, "Yes, I do agree with those terms, your Honor." (*Id.*) The Court then stated, "All right. Then I think we have a binding contingent settlement. As I said earlier, it is contingent on appropriate payment. But I am very pleased we were able to get this case settled. And we will go off the record at this time." (*Id.*)

## III.  The General Release

Following the ENE, on October 13, 2022, Plaintiff's counsel sent a letter to Defense counsel enclosing a General Release that memorialized the settlement agreement. (ECF No. 25-3 at 1-6). The General Release reflected the terms as stated on the record at the ENE. (*Id.* at 3-6). In addition, the General Release included the following terms:

> This General Release constitutes the entire agreement between the parties pertaining to the subject matter described herein and supersedes all prior

1
2
3
4
5
6

> agreements, understandings, negotiations and discussions, whether oral or written, and including without limitation, the claims by [Plaintiff]. No supplementation, modification, waiver or termination of this General Release shall be binding unless executed in writing by the Party to be bound thereby . . . If any dispute arises relating to this General Release and any Party brings an action to enforce its rights under it . . . the prevailing Party shall be entitled to reasonable attorneys' fees and costs incurred in connection with such proceedings.

7

(ECF No. 25-3 at 4).  The General Release further provided the following terms:

8
9
10
11
12
13
14
15
16

> THIS GENERAL RELEASE IS NOT MEANT TO BE CONSTRUED AS AN ADMISSION OF LIABILITY AS TO ANY PARTY, AS LIABILITY IS DISPUTED AND DENIED.  THIS GENERAL RELEASE DOES NOT TAKE EFFECT UNTIL PAYMENTS ARE MADE IN FULL AND/OR BY THE DUE DATES.  [PLAINTIFF] RESERVES ITS RIGHT TO PROSECUTE SUIT AND SEEK THE FULL STATUTORY AMOUNTS ALLOWED UNDER 47 U.S.C. SECTIONS 553, AND 47 U.S.C. 605, IF PAYMENTS ARE NOT MADE IN FULL AND/OR BY THE DUE DATES. EACH INDIVIDUAL EXECUTING THIS GENERAL RELEASE ON BEHALF OF A PARTY REPRESENTS AND WARRANTS THAT HE IS A DULY APPOINTED AGENT OR DULY ELECTED OFFICER OF THE PARTY AND IS FULLY AUTHORIZED TO EXECUTE THIS GENERAL RELEASE ON THAT PARTY'S BEHALF.  (Bold capital letters in original.)

17
18
19
20
21
22

(ECF No. 25-3 at 4-5).  Although a signed General Release was not provided to the Court, an email sent from Plaintiff's Counsel's assistant to Defense Counsel on November 23, 2022, states that the General Release was signed by Defense Counsel and Mr. Cortez, Sr. Furthermore, on May 24, 2023, at the oral argument hearing on Plaintiff's Motion, Defense Counsel did not challenge Plaintiff's Counsel's assertion that the General Release was signed by Defense Counsel and Mr. Cortez.  (ECF No. 27).

23

**IV.   The Parties' Performance**

24
25
26

The first payment, which was due on November 12, 2022, was received by Plaintiff's Counsel via check on November 16, 2022.  (ECF No. 19 at 3).  The check was then returned for insufficient funds.  (*Id.*)

27
28

On November 21, 2022, and November 22, 2022, Plaintiff's Counsel called Defense Counsel and left a voicemail regarding the returned check.  (ECF 19-1 at 3, 6).  On

November 22, 2022, Plaintiff's Counsel's assistant emailed Defense Counsel to follow up on Plaintiff's Counsel's voicemail regarding the returned check and demanded that Defendant either reissue the check by November 23, 2022, or call to make a credit card payment with a 2.5% credit card fee.  (*Id.* at 6).  Defendant did neither.

On January 18, 2023, the parties provided an oral status report to the Court, as previously ordered at the ENE.  (ECF Nos. 12-13).  The Court ordered the parties to provide an updated oral status report at a settlement disposition conference on March 20, 2023.  (ECF No. 13).[4]

## V.   Plaintiff's Motion

On March 30, 2023, Plaintiff filed the instant motion to enforce settlement.  (ECF No. 19).  On April 4, 2023, the parties attended the settlement disposition conference and agreed to proceed with the motion to enforce.  (ECF No. 20).  On May 10, 2023, Defendant filed an opposition.  (ECF No. 25).  On May 17, 2023, Plaintiff replied.  (ECF No. 26).  On May 24, 2023, this Court held a hearing and heard oral argument on Plaintiff's Motion.  (ECF No. 27).  The Court took the matter under submission and set a status conference for June 2, 2023.  (*Id.*)  On May 30, 2023, the Parties filed a joint motion to continue the status conference to July 19, 2023.  (ECF No. 28).

### a.   Plaintiff's Arguments

Plaintiff makes three arguments in support of his motion to enforce settlement.  First, Plaintiff argues that the parties reached a full and fair negotiated settlement at the ENE, the necessary terms were placed on the record, and Defendant is bound by the terms of that agreement.  (ECF No. 19 at 4-5).

Second, Plaintiff argues that although Defendant ultimately did not sign the General

---

[4]  Subsequent to the filing of this Order, the case was then transferred to another Magistrate Judge, and the conference was continued twice to March 23, 2023, and April 4, 2023.  (ECF Nos. 14-15, 17).  On May 1, 2023, the case was transferred again to a third Magistrate Judge.  (ECF No. 23).

6

Release, that does not impact the validity of the agreement because Defendant's attorney signed the General Release, and Defendant is bound by his attorney's actions. (*Id.* at 5).

Third, Plaintiff argues that it is entitled to reasonable attorneys' fees and costs incurred in enforcing the settlement because the General Release provides for such recovery. (*Id.* at 5-6).

### b. Defendant's Opposition

In opposition, Defendant makes five arguments. First, Defendant argues that Plaintiff's Motion should be denied because Defendant was not a party to the agreement reached at the ENE. (ECF No. 25 at 3). Instead, Defendant asserts that the agreement reached at the ENE was between Plaintiff and Arturo Cortez, who is not a party to the lawsuit. (*Id.*) Defendant claims that he merely agreed to allow Arturo Cortez to resolve the case by making settlement payments because it was Arturo Cortez who is the actual owner/operator of the restaurant, and in that respect, Mr. Cortez is responsible for the alleged unauthorized exhibition of Plaintiff's TV program. (*Id.*) In support, Defendant cites to the ENE record wherein Defendant reiterated his position that he was not personally responsible. (*Id.*) Defendant explains that he "did not want to stand in the way of the deal between Arturo Cortez and the plaintiff to resolve the pending litigation that identified Ricardo Hernandez as the named defendant." (*Id.*) Defendant further explains that he never signed the "proposed written settlement and general release agreement" because he never agreed to it. (*Id.*) Defendant suggests that the pleadings should be amended to include Arturo Cortez as a named defendant in the lawsuit as well, because Mr. Cortez was the central figure in both the underlying conduct that forms the basis of the lawsuit, as well as the agreement to pay money in settlement of the claim. (*Id.* at 3-4).

Second, Defendant argues that Plaintiff's Motion should be denied because the understanding between the parties was that if the settlement payments were not made, then there was in fact no agreement, and as a consequence, the lawsuit would continue. (*Id.* at 4). In support, Defendant cites to Plaintiff's Counsel's October 13, 2022, letter to Defense Counsel enclosing the General Release. (*Id.*) Specifically, the letter states the following:

> Please be advised, however, this letter, and the enclosed General Release will not constitute any agreement, until the settlement payments are received pursuant to terms. If the payments are not received in full and along the terms outlined herein, we of course have no agreement and must prosecute the lawsuit currently filed in the United States District Court and pursue maximum statutory damages, compensatory damages, attorneys' fees, and costs against your clients.

(ECF No. 25-3 at 1). In addition, Defendant notes, in support of his position, that the General Release states the following:

> THIS GENERAL RELEASE DOES NOT TAKE EFFECT UNTIL PAYMENTS ARE MADE IN FULL AND/OR BY THE DUE DATES. [PLAINTIFF] RESERVES ITS RIGHT TO PROSECUTE SUIT AND SEEK THE FULL STATUTORY AMOUNTS ALLOWED UNDER 47 U.S.C. SECTIONS 553, AND 47 U.S.C. 605, IF PAYMENTS ARE NOT MADE IN FULL AND/OR BY THE DUE DATES. (Bold capital letters in original.)

(*Id.* at 4). In sum, Defendant argues that based on the ENE transcript, the October 13 letter, and the General Release, the agreement was that either the terms of the settlement would be performed (i.e., money paid as specified), or if not, the case would be further litigated. (ECF No. 25 at 4).

Third, Defendant argues that Plaintiff's Motion should be denied because a term of the settlement agreement—confidentiality—was breached by Plaintiff by bringing this Motion and not having it under seal or in any confidential fashion. (*Id.* at 5). Defendant asserts that Plaintiff "cannot attempt to enforce the portions of the agreement that matter most to [Plaintiff] and disregard the other terms." (*Id.*)

Fourth, Defendant argues that Plaintiff's Motion should be denied because it further breached the agreement by not abiding by its end of the agreement regarding the dismissal and timing of a motion to reopen the case. (*Id.* at 6). Defendant asserts that the terms of the agreement include that there was to be a joint motion to dismiss filed by the parties, which would be converted to a dismissal with prejudice on January 17, 2023, unless there was a joint motion to reopen filed before then. (*Id.*) However, Plaintiff never filed the joint motion to dismiss or filed a motion to reopen the case by January 17, 2023, as the

instant Motion was not filed until March 30, 2023.  (*Id.*)

Lastly, Defendant argues that Plaintiff's Motion should be denied because this was a contingent settlement, meaning that there was only to be a settlement in the event of the occurrence of a future event, which was the payment of money.  (*Id.*)  In support, Defendant cites to the ENE record wherein the Magistrate Judge repeatedly stated that the agreement was "contingent on appropriate payment" and "contingent on full payment."  (*Id.*)  In sum, Defendant argues that because this was described repeatedly and explicitly as a contingent settlement, and the necessary conditions of the settlement did not occur (payment not made), there is no settlement, and therefore the motion to enforce settlement should be denied and the case should be further litigated.  (*Id.* at 6-7).

### c.  Plaintiff's Reply

In reply, Plaintiff contends that Defendant agreed to be bound by the terms of the settlement, and Defendant misrepresents what transpired at the ENE.  (ECF No. 26 at 2).  Plaintiff asserts that there is nothing in the ENE record that supports Defendant's argument that Defendant did not agree to be financially responsible or that Mr. Cortez agreed to be solely responsible for payment.  (*Id.* at 2-4).  Plaintiff further asserts that he would not have agreed to a settlement in which Defendant himself is absolved of responsibility.  (*Id.* at 4).  Plaintiff notes that if Defendant wished to file a third-party action as to Mr. Cortez to protect himself, he could have done so, but he did not.  (*Id.* at 5).

Next, Plaintiff argues that it is irrelevant that Defendant never signed the General Release because Defendant's attorney signed it, and therefore Defendant's signature is not necessary.  (*Id.* at 5-6).  Furthermore, Plaintiff argues that Defendant acknowledged an agreement.  (Id. at 6).  In support, Plaintiff cites to Defendant's opposition wherein Defendant stated, "[t]he understanding between the parties was that if the settlement payments were not made there was in fact no *agreement* and as a consequence the lawsuit would continue[,]" and "[t]he *agreement* reached a[t] the settlement conference…."  (*Id.*) (emphasis added).

Turning to the contingent nature of the agreement, Plaintiff concedes that a literal

reading of the ENE record could support Defendant's position, but that Defendant's interpretation belies common sense because every financial settlement is necessarily contingent on payment. (*Id.*) In other words, Plaintiff asserts that if a contract did not become valid until full performance of the contract was complete, there would be no need for a contract in the first place. (*Id.*) Plaintiff argues that, instead, it was the dismissal of the claims that was contingent on payment, and that this is the standard practice between attorneys. (*Id.* at 7). In support, Plaintiff cites to the Court's Minute Entry and Order on October 12, 2022, that states, "On January 18, 2023, at 10:00 a.m., the parties must jointly call chambers to provide an oral status report on settlement . . . If the parties have jointly moved or stipulated to dismiss the case (and there is no motion to re-open the case) before that date, the obligation to call will be vacated…." (*Id.* (citing ECF No. 12)). With respect to the contents of Plaintiff's letter enclosing the General Release, Plaintiff asserts that was not part of the agreement as put on the record. (*Id.*)

Furthermore, Plaintiff argues that it was Defendant who betrayed confidentiality, not Plaintiff, because Plaintiff avoided disclosing financial terms of the agreement, while Defendant "flouted the specific Order of the Court with respect to the [sealed] ENE Transcript." (*Id.* at 8). Additionally, Plaintiff asserts that Defendant does not argue that confidentiality was a material term such that its violation could invalidate the agreement as a whole. (*Id.*)

Lastly, Plaintiff argues that Defendant's joint dismissal argument is invalid and ignores the procedural history of this case because the original deadline to file the joint motion to dismiss was extended several times by the court, ultimately to April 4, 2023. (*Id.* at 9).

## **LEGAL STANDARD**

It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it, provided that (1) the agreement is complete, and (2) both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.

1987); *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977).  If these requirements are met, a court will interpret the agreement in accordance with local principles of contract law. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

Regardless of whether the underlying claim is state or federal, "the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004); *see also York Int'l Corp. v. RVD Heating & Air Conditioning*, No. CV F 08-0480 LJO DLB, 2009 WL 33423, at *2 (E.D. Cal. Jan. 5, 2009) (explaining that "disputes concerning a settlement agreement are governed by applicable state contract law"). "Thus, although the power to enforce the settlement agreement is a federal equitable power that is constrained by the threshold requirement that the agreement be complete, the Court must look to California law to aid in making that initial determination, as well as to construe and enforce the agreement from there if it is determined to be enforceable." *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, No. 318CV02280DMSAHG, 2022 WL 2712039, at *8 (S.D. Cal. July 11, 2022).

In California, "[a] contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636; *see also Facebook, Inc. v. ConnectU, Inc.*, No. C 07–1389, 2008 WL 8820476, at *4 (N.D. Cal. June 25, 2008) (citing *Roden v. Bergen Brunswig Corp.*, 107 Cal. App. 4th 620, 625 (2003)).  This intent is objective, rather than subjective. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).  If the contract language is "clear and explicit" then the "language of the contract is to govern." Cal. Civ. Code § 1638.  When the agreement is in writing, "the intention . . . is to be ascertained from the writing alone, if possible." *Brinton v. Bankers Pension Serv., Inc.*, 76 Cal. App. 4th 550, 559 (1999)). Though "[a] settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain[,]" courts "will not set aside contracts for mere subjective misinterpretation." *Facebook, Inc.*, 2008 WL 8820476, at *4 (citations omitted).  A settlement agreement may not be unilaterally

rescinded. *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978); *Vill. of Kaktovik*, 689 F.2d 222, 230 (D.C. Cir. 1982).

"Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Callie*, 829 F.2d at 890. However, an evidentiary hearing is not required where the settlement agreement itself is not disputed. *See, e.g.*, *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV152034JVSJCGX, 2022 WL 3575416, at *3 (C.D. Cal. June 30, 2022) (citing *Callie*, 829 F.2d at 890).

## DISCUSSION

### I.    Whether the Agreement is Complete

The threshold issue is whether the parties' agreement at the ENE and subsequent General Release constitutes a complete—and thus an enforceable—contract.

"An agreement to settle a legal dispute is a contract." *Vill. of Kaktovik*, 689 F.2d at 230 (citing *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 238 (1975); *Cumming v. Johnson*, 616 F.2d 1069, 1072 (9th Cir. 1979)).  Furthermore, an agreement made in open court and placed on the record is a binding and enforceable agreement, even before the agreement is reduced to writing, or after it is reduced to writing but before it is signed. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1134-41 (9th Cir. 2002) (holding that the district court did not abuse its discretion "by finding that [Plaintiff]'s response in open court, after the terms of the settlement agreement were recited, constituted a binding agreement to settle"); *see also Sargent v. Dep't of Health & Hum. Servs.*, 229 F.3d 1088, 1090 (Fed. Cir. 2000) (holding, despite appellant's allegations that he was not bound by a settlement agreement because he had not signed it, "it is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record"); *In re Christie*, 173 B.R. 890, 891 (Bankr. E.D. Tex. 1994) ("An agreement announced on the record becomes binding even if a party has a change of heart after he agreed to its terms but before the terms are reduced to writing").

The essential elements of an enforceable contract under California law are (1) parties

capable of contracting, (2) the consent of those parties, (3) a lawful object, and (4) adequate consideration. Cal. Civ. Code § 1550.  The consent of the parties to a contract must be free, mutual, and communicated by each to the other. Cal. Civ. Code § 1565.  Consent is not mutual unless the parties all agree "upon the same thing in the same sense." Cal. Civ. Code § 1580.  "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. Accordingly, the primary focus in determining the existence of mutual consent is upon the acts of the parties involved." *Monster Energy Co. v. Schechter*, 444 P.3d 97, 102 (Cal. 2019) (internal quotations and citations omitted).

Here, after the material terms of the agreement were read into the record as set forth above, the Court engaged Defendant in the following colloquy:

The Court:   Do you agree to all these necessary terms as well, sir?

Defendant:   That I'm not involved in none of this; right?

The Court:   I mean, you have to agree because you're the defendant.  You're the defendant in the action.

Defendant:   Okay.

The Court:   I mean, you don't have to agree.  I guess I should say it's up to you whether you agree or not.  But –

Defendant:   I mean, I have to agree for this to get going for –

The Court:   Yeah.  For the settlement to be valid, you would have to agree, that's correct.

Defendant:   Yes.  But I take no guilt.

The Court:   Yes, there is no admission of liability in this settlement.  Okay.  But do we have – are all of those necessary terms correct, sir?

Defendant:   Yes.

In response to direct questioning by the Court, Defendant stated that he agreed with the terms in open court.  Despite not accepting liability for the allegations in the complaint, Defendant stated that he agreed to settle the case at the ENE.  In addition, both counsels

were asked whether all of the necessary terms were correctly stated.  Defense Counsel responded, "Yes," and went on to supplement the record with a necessary term not referenced by the Magistrate Judge, adding, "as long as we [Defendant and Mr. Cortez] get the general release of any and all claims against both individuals here."

The parties and Mr. Cortez agreed that the recited terms were the necessary terms of the contract.  There were no questions relating to the essential terms to support Defendant's argument that there was no meeting of the minds on the material terms or lack thereof. The agreement was thereafter memorialized in a writing, titled "General Release", that was signed by Mr. Cortez and the parties via their attorneys. *See* Cal. Civ. Proc. Code § 664.6(b)(2) ("[A] writing is signed by a party if it is signed by . . . [a]n attorney who represents the party.").  As stated, part and parcel to the terms of the oral agreement on the record was the release of all claims that was to be included in the General Release.  The General Release provided:

> [T]he undersigned, G & G Closed Circuit Events, LLC, its members, principals, servants, shareholders, officers, employees, partners, spouses, beneficiaries, heirs, executors, predecessors, successors, assigns, attorneys, agents and affiliates *in consideration for the sum of Twenty Two Thousand Dollars (U.S. $22,000.000)*, with the following terms as indicated below, *does hereby remise, release, and discharge Ricardo Hernandez and Arturo M. Corte[z], Sr., individually and d/b/a La Sinaloense*, their members, principals, servants, shareholders, officers, employees, partners, spouses, beneficiaries, heirs, executors, predecessors, successors, assigns, attorneys, agents and affiliates, *from any and all manner of actions, causes of actions, suits, accounts, bonds, covenants, contracts, agreements, claims, judgments, and demands whatsoever in the law or equity*, relating to the broadcast of the Saul Alvarez v. Billy Joe Saunders Championship Fight Program, telecast nationwide on Saturday, May 8, 2021….

(*See* ECF No. 25-3 at 3 (emphasis added)).  Clearly the binding settlement was conditioned on the payments to insure the final condition—the release of Defendant and Mr. Cortez from liability by way of dismissing all causes of actions after payment.

The provisions of the General Release are in full accord with the terms of the agreement stated in open court.  Thus, the Court finds that the parties formed a binding and

14

1    enforceable agreement to settle the case.

2    **II.    Enforcement of the Settlement Agreement**

3          The next issue concerns enforcement of the settlement agreement.  Plaintiff seeks

4    enforcement of the settlement agreement by entry of judgment pursuant to the terms of the

5    settlement.  (ECF No. 19 at 6).  However, Defendant argues that Plaintiff's motion to

6    enforce the settlement should be denied because this was a "contingent" settlement,

7    meaning that there was only to be a settlement in the event of the occurrence of a future

8    event (the payment of money).  (ECF No. 25 at 6).

9          California law provides: "If parties to pending litigation stipulate, in a writing signed

10   by the parties outside of the presence of the court or orally before the court, for settlement

11   of the case, the court, upon motion, may enter judgment pursuant to the terms of the

12   settlement." Cal. Civ. Proc. Code § 664.6(a).  Moreover, a settlement contract may not be

13   unilaterally rescinded. *Dacanay*, 573 F.2d at 1078.  "However, if one party breaches a

14   settlement, the other has the option of enforcing the terms of the settlement or rescinding

15   the settlement and suing on the original claims." *Arnold v. United States*, 816 F.2d 1306,

16   1309 (9th Cir. 1987) (citing *Vill. of Kaktovik*, 689 F.2d at 230-31).

17         Furthermore, a condition in a contract is an event that must be satisfied or excused

18   before a duty to perform becomes absolute. *See* Cal. Civ. Code § 1434.  A condition

19   precedent is an event that must occur before a duty to perform arises in the other party,

20   whereas a condition subsequent is an event that extinguishes a duty to perform after an

21   agreement is made. *See* Cal. Civ. Code §§ 1436 & 1438.

22         Here, after the parties signed the General Release, Defendant sent a check to Plaintiff

23   that was returned due to insufficient funds.  Defendant did not cure the default.  In failing

24   to make payment pursuant to the terms of the agreement, the Court finds that Defendant

25   materially breached the settlement contract.

26         Turning to Defendant's argument concerning the "contingent" or conditional nature

27   of the agreement, the condition precedent is that Defendant's payment of the settlement

28   amount must occur before Plaintiff has a duty to dismiss the lawsuit, as payment in

                                                  15

exchange for dismissal of the lawsuit is what the parties bargained for.  Payment is not, as Defendant seems to suggest, a condition subsequent that extinguishes Defendant's duty to perform under the agreement and consequently sends the parties back to litigation if payment is not made.  In effect, Defendant's position would make the contract terminable at Defendant's will by Defendant choosing not to pay.[5]  As Plaintiff points out, all settlements are necessarily contingent on payment, and Defendant may not unilaterally rescind the contract by choosing not to pay. *Dacanay*, 573 F.2d at 1078.

Plaintiff's remedies are not solely limited to returning to litigation.  The terms of the agreement do not reasonably suggest that Plaintiff relinquished his right to enforce the agreement and to seek damages allowed by law.  As the non-breaching party, Plaintiff has the option of enforcing the terms of the settlement or rescinding the settlement and suing on the original claims.  Indeed, Plaintiff reserved both options in the signed General Release, which states the following:

> If any dispute arises relating to this General Release and any Party brings an action to enforce its rights under it, then, in addition to such other relief as may be awarded, the prevailing Party shall be entitled to reasonable attorneys' fees and costs incurred in connection with such proceedings . . . [Plaintiff] reserves its right to prosecute suit . . . if payments are not made in full and/or by the due dates.

(ECF No. 25-3 at 4).  In sum, California Code of Civil Procedure section 664.6(a), Ninth Circuit case law, the oral agreement captured on the record, and the signed General Release provide for entry of judgment in the amount of the settlement agreement, plus attorneys' fees and costs incurred in connection with enforcing the agreement.

## III.   Attorneys' Fees and Costs

The district court has discretion to determine the amount of attorneys' fees to be awarded. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975), *cert. denied*,

---

[5]   Defendant's argument as to the reason—or the "why"—payments were not made as required is not material to the parties' performance or nonperformance of contract terms.

16

425 U.S. 951 (1976).  The Ninth Circuit has adopted guidelines to consider in determining the reasonableness of attorneys' fees. *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 715 (5th Cir. 1974)).

The guidelines to consider include: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the [motion] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, Plaintiff seeks an award of reasonable attorneys' fees and costs for bringing the instant Motion.  However, Plaintiff did not file a declaration in support of his request for attorneys' fees and costs.  At this juncture, the Court GRANTS Plaintiff's request for an award of attorneys' fees and costs, subject to and pending the filing of a declaration by Plaintiff's attorney.  Defendant may file objections as to the reasonableness of the requested attorneys' fees and costs.

## IV.    Evidentiary Hearing

Plaintiff alternatively seeks an evidentiary hearing to ascertain the intent of the parties in the event that "the Court were to find that it cannot enforce the agreement based on the current information…." (ECF No. 26 at 10).  Because the Court finds that the parties entered into a complete, enforceable settlement agreement, an evidentiary hearing is not necessary.  Accordingly, the Court DENIES Plaintiff's request for an evidentiary.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1.      Plaintiff's motion to enforce settlement agreement, (ECF No. 19), is

**GRANTED**.  Plaintiff shall file a declaration in support of his request for an award of attorneys' fees and costs on or before **June 9, 2023**.  Defendant may file objections to Plaintiff's declaration on or before **June 23, 2023**;

    2.    The Parties' joint motion to continue the status conference set for June 2, 2023, (ECF No. 28), is **DENIED**; and

    3.    The status conference set for June 2, 2023, is **VACATED**.

    **IT IS SO ORDERED.**

DATED:  June 2, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE