UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>RICARDO HERNANDEZ, individually, doing business as La Sinaloense,<br><br>                                    Defendant. | Case No.: 3:22-cv-00398-JAH-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANT'S OBJECTION AND ORDER AWARDING ATTORNEYS' FEES AND COSTS**<br><br>**[ECF No. 35]** |

INTRODUCTION

On March 30, 2023, Plaintiff, G & G Closed Circuit Events, LLC, filed a motion to enforce the settlement agreement reached by the parties and requested the Court enter judgment against Defendant Ricardo Hernandez in the amount agreed to by the parties in the agreement and grant costs and reasonable attorneys' fees related to the motion. After hearing the parties' oral argument on May 24, 2023, the Court took the matter under submission and on June 2, 2023, the Court granted Plaintiff's motion including fees and costs. However, the Court noted Plaintiff had not submitted a declaration in support of his request for an award of attorney's fees and costs and directed him to do so. The Court permitted Defendant an opportunity to file an objection to reasonableness of the fees and

1

costs sought. On June 9, 2023, Plaintiff filed a declaration in support of his attorneys' fees and costs. Defendant filed an objection on June 23, 2023, entitled "Opposition to Plaintiff's Motion for Attorney's Fees and Costs." Plaintiff filed a motion for leave to file a response to Defendant's objections.

## DISCUSSION

### I. Plaintiff's Motion for Leave

Plaintiff seeks leave to file a response to Defendant's objection. Plaintiff contends Defendant's objection to Plaintiff's declaration in support of fees and costs, reads more like an opposition to a motion for attorneys' fees, and presents arguments that cannot be reconciled with the underlying facts and misconstrues the law. Plaintiff seeks an opportunity to respond and attaches a proposed response to his application. Defendant did not file a response to Plaintiff's motion for leave.

Because this Court granted Plaintiff reasonable attorneys' fees and costs and permitted briefing only regarding the reasonableness of the amount of fees sought, any argument as to whether to grant attorneys' fees is moot and will not be considered by the Court. However, the Court finds good cause to allow Plaintiff to respond to Defendant's arguments contained in his objection and grants Plaintiff's motion for leave.

### II. Attorneys' Fees and Costs

As the prevailing party on the motion to enforce the settlement agreement, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in connection with seeking to enforce the settlement, under the terms of the General Release. *See* ECF 25-3; Cal. Civ. Code § 1717. Plaintiff seeks a total of $11,520.70, which includes $11,367.70 in fees and $153 for costs and submits a declaration from counsel attesting to counsels' experience, explanation of hourly rates and billing practices.

Defendant challenges the reasonableness of the attorneys' fees in light of the settlement amount. He also argues counsel have not provided actual billing records created contemporaneously with the work performed and contends the time estimates for various tasks appeared to be exaggerated and inaccurate, and Plaintiff fails to provide sufficient


information as to the reasonableness of the rates charged. Defendant also contends there is insufficient information regarding the research attorney whose is not a member of the State Bar of California. Additionally, he also argues the transcript fee is an unnecessary expense.

In response, Plaintiff contends the amount of the settlement was significant and is only one factor to consider in assessing attorneys' fees and argues Defendant's suggestion that fees should be a ratio of the amount awarded is unsupported. Plaintiff also contends counsel keeps contemporaneous notes with respect to the dates and times and the substance of the work done and renders billable hours by reviewing files.

**A. Fees**

"Plaintiff seeks fees for work performed by Mr. Thomas Riley, an unnamed administrative assistant and an unnamed research attorney. The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the [motion] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

**1. Thomas Riley**

Mr. Riley attests he has been practicing law from approximately 30 years and is a member in good standing of the state bars of Pennsylvania, New Jersey and California. Riley Decl. ¶ 5. He further attests his billable hourly rate for civil litigation practice is $600.00 per hour and travel time is $300.00 per hour. The Court finds the rates reasonable. *See Youngevity International, Corp. v. Smith*, 2018 WL 2113238 at *5 (S.D. Cal. May 7, 2018) ("Courts in this district have held a range of rates from $450-750 per hour reasonable for a senior partner in a variety of litigation contexts and specialties.").

Mr. Riley asserts he worked 2.20 hours towards enforcing the settlement agreement and expended 3.50 hours traveling to attend the hearing. He attests "[b]illable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves" and that while he does not "use billing software, [he does] keep contemporaneous notes with respect to the dates and time the substance of the work is

1  done." Riley Decl. ¶ 12.  Plaintiff, however, does not submit any of these contemporaneous
2  notes.  Although "the lack of 'contemporaneous records' is not a basis for denying" a fee
3  request in its entirety, a court may reduce the fee award when documentation is inadequate.
4  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citing *Hensley v. Eckerhart*,
5  461 U.S. 424, 438 (1983)).  The Court finds reduction is appropriate due to the inadequate
6  documentation and will reduce the hours by one-third to 1.47 for a $882 for work
7  performed.  The Court will not reduce the travel time of 3.50, which results in $1,050 for
8  travel time.  Therefore, the Court awards a total of $1932 for Mr. Riley's reasonable
9  attorneys' fees.

**2. Administrative Assistant**

Plaintiff includes work from an administrative assistant, including telephone calls, email correspondence, and filing and serving documents.  It is not clear from the limited information provided by Plaintiff whether the duties are more than clerical in nature and are, therefore, recoverable as attorneys' fees.  Because the Court is unable to determine the reasonableness of the fees sought for work performed by the unnamed administrative assistant, no fees shall be awarded for the work performed by the administrative assistant. *See J&J Sports Productions Inc. v. Cervantes*, 2019 WL 935387, *4 (E.D.Cal. February 26, 2019) (Listing cases in this circuit that have "declined to award fees for clerical work by administrative assistants, particularly where there is a lack of specificity in such billing.").

**3. Research Attorney**

Defendant contends awarding fees for the work conducted by the unidentified research attorney who is not a member of the bar of the State of California would promote the unauthorized practice of law.  Relying on *Winterrowd v. American Gen. Annuity Ins. Co.*, 556 F.3d 815 (9th Cir. 2009), Plaintiff argues the research attorneys' time is recoverable because the attorney provided litigation support to Mr. Riley.  In *Winterrowd*, the Ninth Circuit looked to the Central District's local rules and federal case law to determine whether the plaintiffs could recover attorneys' fees for work performed by a

1 non-member of the California state bar who was a member in good standing of the Oregon Bar. *Id.* at 817. The court determined the plaintiffs could recover fees for the out-of-state attorney's work because his conduct of advising counsel and reviewing pleadings with minimal contact with the client "did not rise to the level of 'appearing' before the district court" and was similar to litigation support or consultants. *Id*. at 823-24. The court also recognized that the attorney could also recover fees for the out-of-state attorney if he would have been admitted *pro hac vice* had he applied. *Id*. at 823.

This action is distinguishable from *Winterrowd*. First, Plaintiff does not give the name of the research attorney and only provides vague information regarding the attorneys' qualifications. In addition, pursuant to the Southern District of California's local rules,

> Only a member of the bar of this court may enter appearances for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree or order.

CivLR 83.3.b. The Court also finds the unnamed research attorney would likely not be eligible to appear *pro hac vice* in this district as the attorney appears to be regularly employed or engaged in business in California as evidenced by the numerous times Mr. Riley has sought fees for work conducted by an unnamed research attorney in this district and other districts in California. *See* CivLR 83.3.b.4; *G & G Closed Circuit Events, LLC v. Zarazua*, 2022 WL 3019859 (S.D.Cal. July 29, 2022) (Listing cases in which Mr. Riley seeks an award of fees for an unnamed research attorney). Even assuming the unidentified research attorney is not engaged in the authorized practice of law, the Court finds Plaintiff fails to meet its burden of demonstrating the reasonableness of the fees it seeks for the research attorney's work. Accordingly, the Court will not award fees for the work performed by the unnamed research attorney.

**B. Costs**

Plaintiff seeks $153 in costs which include $56 for an Amtrak train ticket to San Diego from Los Angeles and a fee for a transcript of the hearing held on May 24, 2023. In light of this Court's explanation at the end of that particular hearing that it would provide its ruling on the motion to enforce the settlement at a later date and Plaintiff's failure to

provide any explanation as to why the transcript was necessary, the Court finds the transcript of the hearing was not an expense incurred as a result of seeking enforcement of the settlement. Additionally, Plaintiff submits no documentation in support of the request for the transcript or the travel costs. Accordingly, the Court denies Plaintiff's requests for costs.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file a response (ECF No. 35) is **GRANTED**. The Clerk of Court shall file the response included as an attachment to the motion for leave.

2. Plaintiff is awarded reasonable fees of $1,932.

DATED: August 4, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE